IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM M. BRESNAHAN<br>Plaintiff,<br><br>v.<br><br>NATHAN SCHENKER<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 06-4454 |

ORDER AND MEMORANDUM

**O R D E R**

**AND NOW**, this 7th day of August, 2007, upon consideration of the Motion to Dismiss of Defendant Nathan Schenker, Esquire, For Failure to File a Certificate of Merit (Document No. 20, filed June 6, 2007); plaintiff's *pro se* Motion to Deny Defendant's Motion to Dismiss (Document No. 22, filed June 19, 2007); Defendant Schenker's Response to Plaintiff's Motion to Deny Defendant's Motion to Dismiss (Document No. 26, filed June 28, 2007); the letter from William Bresnahan dated July 5, 2007; the letter from defense counsel dated August 6, 2007; plaintiff's *pro se* Motion for Appointment of Counsel (Document No. 18, filed May 14, 2007); plaintiff's *pro se* Motion for Appointment of Counsel (Document No. 21, filed June 11, 2007); Defendant Schenker's Response to Bresnahan's Motion for Appointment of Counsel (Document No. 25, filed June 25, 2007); the letter from plaintiff dated June 29, 2007;[1] and plaintiff's *pro se* Motion to Compel Production of Transcripts and Related Documents (Document No. 28, filed July 16, 2007), for the reasons set forth in the attached Memorandum, **IT IS ORDERED**, as

---

[1] The Deputy Clerk shall docket copies of the letter from plaintiff dated July 5, 2007, the letter from defense counsel dated August 6, 2007, and the letter from plaintiff dated June 29, 2007.

follows:

1.  The Motion to Dismiss of Defendant Nathan Schenker, Esquire, For Failure to File a Certificate of Merit (Document No. 20) is **GRANTED**.

2.  Plaintiff's Complaint against defendant Nathan Schenker is **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to reinstate the case if he prevails in his state court post-trial appeals on the basis of attorney error.[2]

3.  Plaintiff's *pro se* Motion to Deny Defendant's Motion to Dismiss (Document No. 22) is **DENIED**.

4.  Plaintiff's *pro se* Motion for Appointment of Counsel (Document No. 18) is **DENIED AS MOOT**.

5.  Plaintiff's *pro se* Motion for Appointment of Counsel (Document No. 21) is **DENIED AS MOOT**.

6.  Plaintiff's *pro se* Motion to Compel Production of Transcripts and Related Documents (Document No. 28) is **DENIED AS MOOT**.

---

[2] By letter dated August 6, 2007, defense counsel addressed the issue whether the statute of limitations would bar any reinstated claims, as follows:

> We have researched the issue of whether or not the clock has even begun to tick with respect to applicable statutes of limitation for the claims asserted by the plaintiff in his complaint. The conclusion we have reached is that the clock has not yet begun to tick and will not begin to tick until the post conviction motions, including any appeals and also including any subsequent petitions and appeals, have been concluded. . . . [M]y client recognizes that the doctrine of *judicial estoppel* would apply to preclude my client from then arguing that the statute of limitations bars such a subsequent action. This of course presupposes that the plaintiff had brought any subsequent action within the applicable statutes of limitation after the clock finally begins to tick.

Letter of Defense Counsel, 8/6/07 at 1.

2

**M E M O R A N D U M**

I.  BACKGROUND

This is a legal malpractice lawsuit brought by *pro se* plaintiff William Bresnahan against his former public defender, defendant Nathan Schenker, Esq.  Plaintiff is currently incarcerated in the State Correctional Institution (SCI) Waymart, in Waymart, Pennsylvania.

Plaintiff was represented by defendant in criminal proceedings before the Court of Common Pleas of Chester County and was convicted of multiple counts of theft by failure to make required disposition of funds received under 18 Pa.C.S.A. § 3927.  See Commonwealth v. Bresnahan, No. CP-15-CR-2631-2003, Criminal Docket.  Plaintiff's motion for post-sentence relief in the Court of Common Pleas of Chester County was denied on September 6, 2005.  Id.  Plaintiff's appeal is currently pending in the Superior Court of Pennsylvania.  See Commonwealth v. Bresnahan, No. 2737 EDA 2005, Appeal Docket Sheet.

On April 4, 2007, plaintiff filed his Complaint against defendant Schenker.  Plaintiff also filed a Certificate of Merit stating that "I possess the knowledge of my entire case [and] am prepared to verify under oath in a court of law, if necessary . . . to substantiate the statements made in the aforementioned case."  Plaintiff's Certificate of Merit, which is dated September 12, 2006, was docketed on June 19, 2007, after the filing of defendant's Motion to Dismiss.  However, the document was previously sent by certified mail to the Clerk of Court as an attachment to an Inmate Accounts System Partial Account Listing, which was not docketed.  It appears that the Inmate Accounts System Partial Account Listing was received in the clerk's office no later than October 25, 2006.  See Bresnahan v. Schenker, No. 06-4454, Civil Docket, Document No. 4.

3

Presently before the Court is defendant's Motion to Dismiss. For the reasons set forth below, defendant's Motion to Dismiss is granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint is dismissed without prejudice to plaintiffs right to reinstate the case if he prevails in his state court appeals on the basis of attorney error.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true the facts alleged in the complaint, drawing all reasonable inferences in favor of plaintiff. In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261, 266 (3d Cir. 2005); Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). The Court may grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Because plaintiff filed his Complaint *pro se*, the Court construes plaintiff's arguments liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III.   DISCUSSION

### A.   Legal Standard

#### 1.   Legal Malpractice

"Legal malpractice claims in Pennsylvania can sound in trespass–negligence–or assumpsit–contract." Williams v. Sturm, 110 F. Supp. 2d 353, 358 (E.D. Pa. 2000) (citing Bailey v. Tucker, 533 Pa. 237, 245 (1993)). In his Complaint, plaintiff alleges that defendant failed "to provide even a minimal defense in regards to plaintiff." Compl. at 5. Plaintiff does not allege

4

that defendant breached a contract between them, or that any such contract existed. The Court therefore concludes that plaintiff states a claim sounding in negligence.

A plaintiff seeking to bring a professional negligence claim against a criminal defense attorney who previously represented him must establish five elements under Pennsylvania law:

> (1) The employment of the attorney; (2) Reckless or wanton disregard of the defendant's interest on the part of the attorney; (3) the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., 'but for' the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges. (4) As a result of the injury, the criminal defendant/plaintiff suffered damages. (5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error.

Bailey, 533 Pa. at 250-51 (footnotes omitted); see also Williams, 110 F. Supp. 2d at 358.

Under Pennsylvania law, where a plaintiff files a legal malpractice claim *before* post-trial remedies are exhausted, the "trial court shall then reserve its ruling on said objection until the resolution of the post-conviction criminal proceedings." Bailey, 533 Pa. at 251 n.13. "Although federal courts are bound to apply state substantive law in diversity actions, federal procedural law will govern. Accordingly, . . . [federal courts] need not follow such a procedure" and reserve ruling. Williams, 110 F. Supp. 2d at 361 n.3 (citing Erie R. R. Co. v. Tomkins, 304 U.S. 64, 78 (1938)).

       **2.**       **Pennsylvania Rule of Civil Procedure 1042.3(a): Certificate of Merit**

Under Pennsylvania Rule of Civil Procedure 1042.3(a), a plaintiff asserting a professional negligence claim must file a certificate of merit within sixty days of the filing of a complaint.[3]

---

[3] Rule 1042.3(a) provides, in relevant part, that: "In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party . . . ." Rule

The certificate of merit must state either that

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or . . . (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a). Where plaintiff certifies under Rule 1042.3(a)(3) that an expert is unnecessary, "in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation." Pa. R. Civ. P. 1042.3(a)(3) note.

Under Rule 1042.6, if a plaintiff has not filed a certificate of merit after sixty days, the defendant can direct the prothonotary to enter a judgment of non pros.[4] "Unlike dismissal with prejudice, the entry of judgment non pros is a default judgment that does not bar the plaintiff from commencing another suit upon the same cause of action. Indeed, the Pennsylvania Rules of Civil Procedure expressly provide a mechanism for relief from a judgment of non pros in the form of Rule 3051 (entitled 'Relief from Judgment of Non Pros') . . . ." Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004).[5]

---

1042.1 defines "licensed professional" to include "an attorney at law."

[4] Rule 1042.6 provides: "The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate."

[5] Rule 3051 provides: "(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. (b) If the relief sought includes the opening of the judgment, the petition shall

Rule 1042.3(a) has been repeatedly held to be controlling substantive law under <u>Erie R. Co.</u>, 304 U.S. at 78. <u>See, e.g.</u>, <u>McElwee Group</u>, 476 F. Supp. 2d at 475; <u>Abdulhay v. Bethlehem Medical Arts, L.P.</u>, 2005 WL 2416012, *4 (E.D. Pa. Sept. 28, 2005); <u>Rodriguez v. Smith</u>, 2005 WL 1484591, *7 (E.D. Pa. Jun. 21, 2005). However, "[t]he procedure in the federal system, in a case based on diversity jurisdiction and applying Pennsylvania law, is slightly different: there is no procedural mechanism for a defendant to ask the clerk of court to dismiss a claim. Rather, failure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss." <u>McElwee Group, LLC v. Municipal Authority of Borough of Elverson</u>, 476 F. Supp. 2d 472, 475 (E.D. Pa. 2007) (citations omitted).

**B.     Application**

In the instant Motion to Dismiss, defendant argues that plaintiff's Complaint should be dismissed on the four grounds: (1) plaintiff fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); (2) plaintiff did not file a timely certificate of merit under Pennsylvania Rule of Civil Procedure 1042.3(a); (3) plaintiff did not plead jurisdiction under Federal Rule of Civil Procedure 8(a)(1); and (4) the Court lacks subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

The Court concludes that plaintiff fails to state a claim of legal malpractice under Rule 12(b)(6). Accordingly, the Court does not rule whether the Certificate of Merit filed by plaintiff complies with Rule 1042.3(a).[6] Finally, the Court briefly addresses defendant's arguments

---

allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action."

    [6] In the Certificate of Merit, plaintiff states: "I possess the knowledge of my entire case [and] am prepared to verify under oath in a court of law, if necessary . . . to substantiate the

regarding jurisdiction.

### 1. Plaintiff Fails to State a Claim of Legal Malpractice

In the instant Motion to Dismiss, defendant argues that plaintiff's claims are barred under Rule 12(b)(6) because plaintiff does not plead that he has obtained post-trial relief on the basis of attorney error, as required by Pennsylvania law. The Court agrees.

Plaintiff does not allege in his Complaint that he has pursued his post-trial remedies and obtained relief on the basis of attorney error. Indeed, in his response to defendant's Motion to Dismiss, plaintiff acknowledges that "[c]urrently, the plaintiff has an appeal before the Superior Court addressing a number of issues including the statute of limitations." Pl.'s Mot. Deny Def.'s Mot. Dismiss at 4. The Court takes judicial notice that plaintiff's motion for post-sentence relief in the Court of Common Pleas of Chester County was denied by order dated September 6, 2005. Commonwealth v. Bresnahan, No. CP-15-CR-2631-2003, Criminal Docket. Plaintiff filed a notice of appeal, and his appeal is pending in the Superior Court of Pennsylvania. See Commonwealth v. Bresnahan, No. 2737 EDA 2005, Appeal Docket Sheet.[7]

Because his appeal is still pending, plaintiff cannot, as a matter of law, establish that "he has pursued post-trial remedies and obtained relief which was dependent upon attorney error."

---

statements made in the aforementioned case." Because plaintiff filed the Certificate of Merit *pro se*, the Court could construe it liberally as stating that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa. R. Civ. P. 1042.3(a)(3). In that case plaintiff would be precluded, absent "exceptional circumstances . . . from presenting testimony by an expert on the questions of standard of care and causation." Id. note. The Court does not rule on these issues in this Memorandum.

[7] See Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001) (taking judicial notice of status of state court proceedings); Carpenter v. Ashby, 2007 WL 437847, *2 (E.D. Pa. Jan. 25, 2007) (taking judicial notice of prior court proceedings between the parties).

Bailey, 533 Pa. at 250-51. Although the court may reserve ruling during the pendency of plaintiff's appeal, the Court need not and does not do so in this case. See Williams, 110 F. Supp. 2d at 361 n.3. Thus, the Court the Court grants defendant's Motion to Dismiss without prejudice to plaintiff's right to reinstate the case if he prevails in his state court appeals on the basis of attorney error.

### 2.   Subject Matter Jurisdiction

In the Motion to Dismiss, defendant argues that plaintiff did not plead jurisdiction under Rule 8(a)(1), and that the Court lacks subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3).

The Court touched on the issue of jurisdiction by Order dated April 4, 2007, in which the Court granted plaintiff's motion to proceed *in forma pauperis*. That Order provides that, on the basis of plaintiff's submissions, he appears to be a resident of the State of Washington and thus there is diversity of citizenship. However, plaintiff's Complaint does not contain any jurisdictional allegations. Any jurisdictional allegations will have to be added to any reinstanted or amended complaint filed after the resolution of plaintiff's state court appeal. Fed. R. Civ. P. 8(a)(1).[8] In addition, plaintiff will have to prove jurisdiction in the event the case is reinstated, unless jurisdiction is admitted. Because the Court concludes that plaintiff does not state a claim upon which relief can be granted, the Court does not address the issue of jurisdiction further in this Memorandum.

---

[8] Rule 8(a) provides, in relevant part, that: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ." Fed. R. Civ. P. 8(a)(1).

## IV.   CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss is granted under Federal Rule of Civil Procedure 12(b)(6); plaintiff's Complaint is dismissed without prejudice to plaintiffs right to reinstate the case if he prevails in his state court post-trial appeals on the basis of attorney error; plaintiff's *pro se* Motion to Deny Defendant's Motion to Dismiss is denied; plaintiff's *pro se* Motion for Appointment of Counsel is denied as moot; and plaintiff's *pro se* Motion to Compel Production of Transcripts and Related Documents is denied as moot.

**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
         **JAN E. DUBOIS, J.**